**REPUBLIC BANKERS LIFE INSUR-
ANCE COMPANY, Petitioner,**

v.

**B. L. JAEGER, Respondent.**

**No. B–6155.**

Supreme Court of Texas.

Nov. 17, 1976.

Beard & Kultgen, Pat Beard, Waco, for petitioner.

Stephen Perel & Associates, W. Timothy Lewis, Houston, for respondent.

PER CURIAM.

ON MOTION FOR REHEARING OF AP-
PLICATION FOR WRIT OF ERROR

Our Per Curiam opinion of October 13, 1976, is withdrawn and the following substituted therefor:

In 1974, B. L. Jaeger applied for benefits under a disability insurance policy issued to him by Republic Bankers Life Insurance Company. Jaeger contended that he had injured his back while at work and, as a result, was totally and continuously disabled. He claimed that he was entitled to benefits of $300.00 per month for 60 months, the maximum recovery allowed un-

der the policy. When Republic refused to pay, Jaeger brought suit.

After trial but prior to judgment, Jaeger was granted leave to file a trial amendment which alleged for the first time a cause of action based on Republic's repudiation of the policy. The trial court, sitting without a jury, concluded that Republic had repudiated the policy and thus rendered judgment for Jaeger. In his findings of fact the trial judge found that the "present value of all benefits under the contract of insurance is $18,000.00 including unaccrued installments."

Republic appealed to the court of civil appeals, contending that the trial court incorrectly applied the measure of damages for repudiation of an insurance policy. The court of civil appeals affirmed the trial court's award. *Republic Bankers Life Insurance Co. v. Jaeger*, 537 S.W.2d 503 (Tex. Civ.App.—Houston [14th Dist.] 1976).

■ The measure of damages in an action for breach of contract by repudiation is the total of all accrued payments plus interest, plus the present value of all unaccrued payments that the plaintiff would have received if the contract had been performed. *Universal Life & Accident Insurance Co. v. Sanders*, 129 Tex. 344, 102 S.W.2d 405 (1937), citing *Pollack v. Pollack*, 39 S.W.2d 853 (Tex.Com.App., holding approved), *aff'd on rehearing*, 46 S.W.2d 292 (1932). The "present value" is not merely the sum of all future contract payments for which the defendant will be liable. Rather it gives the breaching party the benefit of the earning power of his money. Therefore the proper measure of damages in a case such as this is a sum which, if invested at a reasonable rate of interest, will yield an annual income from both principal and interest, during the policyholder's disability equal to the monthly benefits which Republic would have paid if it had not repudiated the policy. The amount actually awarded will be less than the sum of all future payments because it includes a discount which approximates the earning capacity of Republic's money. See *Pollack v. Pollack,*

*supra*, 39 S.W.2d at 858. The trier of fact is required to determine the reasonable rate of interest which is then applied as a discount.

■ In the instant case, Jaeger sought to recover for a total and continuous disability. Such a disability would entitle him to the maximum recovery under the policy— $300.00 per month for 60 months, a total of $18,000.00. The trial court found that Jaeger would be totally disabled for at least 60 months. Fifteen of these months had accrued at the time of judgment. Jaeger was thus entitled to recover the full value of the payments covering these months plus interest. The trial court was then required to compute a discounted lump sum representing the remaining unaccrued 45 months. When the trial court found the value of all benefits under the policy to be $18,000.00, it could not have applied the correct measure of damages because the total recovery including the discount would be less than this.

We regard the opinion of the court of civil appeals as being in conflict with *Universal Life & Accident Insurance Co. v. Sanders*, 129 Tex. 344, 102 S.W.2d 405 (1937), and its approval of *Pollack v. Pollack, supra*. Therefore, under Rule 483, Texas Rules of Civil Procedure, after granting the application for writ of error and without hearing oral argument, the judgment of the court of civil appeals is reversed and the cause remanded to the district court in order that damages may be awarded in accordance with this opinion.

Motion for rehearing is overruled.