Don JOHNSON, Appellant,

v.

James J. GISONDI, Appellee.

No. 18043.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 5, 1981.

J. Michael Lytle, Scherer, Roberts, Slone, Gresham & Lytle, Richmond, for appellant.

Louis H. Salinas, Jr., Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

DOYLE, Justice.

Appellee filed suit for a debt due on an oral contract and obtained a default judgment against appellant. Appellant was served with personal citation but neither filed an answer nor appeared in person at the trial. The trial court, without hearing any testimony, awarded damages in the amount of $14,025 and attorney fees for $1144. By this appeal appellant seeks a reversal and remand of the trial court's judgment on the grounds that since no testimony was recorded, (1) he is unable, through no fault of his own, to obtain a statement of facts necessary to his appeal, (2) the amount of the claim was unliquidated and thus required evidence to establish the amount awarded, and (3) no reasonable attorney fees could be determined unless and until the amount of the claim was fixed.

We affirm in part and reverse and remand in part.

By points of error 1 and 2 appellant complains that the trial court erred in not hearing evidence and making a record to establish the amount of an unliquidated claim not shown by an instrument ·in writing. The appellant had orally agreed with appellee to provide certain services to appellee consisting of obtaining a loan commitment and other financial representation. Appellee was to be paid $85 per hour, on demand, for his work. Pursuant to this agreement appellee obtained funding for an investment by appellant, and appellee then made demand on appellant for "the balance of all fees presently owed to him for securing the loan and for all other work done" for appellant. The amount of the demand was $14,025 which appellant refused to pay. Appellee then filed suit for this amount and for reasonable attorneys' fees.

From the facts stated we conclude that the appellee's claim is unliquidated and not proved by an instrument in writing. Hence, it is governed by Rule 243, T.R.C.P., which states in pertinent part:

Rule 243. Unliquidated Demands.

If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor . . .

■ An examination of the factual allegations in appellee's unsworn original petition confirms appellant's contention that the trial court had no information from which it could determine the amount of damages. It was thus error to make such a finding of damages without hearing evidence. *Burrows v. Bowden*, 564 S.W.2d 474 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Hughes v. Jones*, 543 S.W.2d 885 (Tex.Civ.App.—El Paso 1976, no writ). We sustain appellant's points of error 1 and 2.

Appellant, by point of error 3, complains of the trial court's error in awarding attorney's fees to appellee without hearing any evidence of the damages sought by appellee. Since the appellee failed to establish its basic claim, we need not consider this point of error.

■ It is to be noted that appellant does not challenge appellee's contention that the

question of appellant's liability is an admitted fact because appellant failed to file an answer to appellee's original petition. *Sagebiel's v. Sumrall,* 358 S.W.2d 251 (Tex. Civ.App.—Eastland 1962, writ ref'd n. r. e.); *Stoner v. Thompson,* 578 S.W.2d 679 (Tex. 1979). We conclude that appellant, as the non-answering party, has admitted all facts properly pled and has conceded that the opposing party's claim is just, except as to the damages. 33 Tex.Jur.2d, Judgments, Sec. 116. Therefore, upon a new trial, the proof shall be limited to the amount of damages and attorney's fees.

The judgment for appellee as to liability is affirmed; that part of the judgment fixing the damages and for attorneys' fees is reversed and this cause is remanded for trial in accordance with the foregoing instructions.