**SPEEDEE MART INCORPORATED, Appellant,**

v.

**Rex STOVALL, Appellee.**

**No. 07–81–0264–CV.**

Court of Appeals of Texas, Amarillo.

Dec. 31, 1983.

Whittenburg, Whittenburg & Schachter, Cary Schachter, Amarillo, for appellant.

Lovell, Lyle, Renfer, Moore & Lewis, Kyle Lewis, Dumas, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

This is a suit by the landlord, appellee Rex Stovall, to recover accrued rent and damages for anticipatory breach of a lease contract by the tenant, appellant Speedee Mart Incorporated. Because we have concluded that the trial court applied the wrong measure of damages, we reverse and remand.

Stovall leased a grocery store in Dumas to Speedee Mart for 10 years, for a total rental of $192,000.00, payable in 120 monthly installments of $1,600.00, beginning December 1, 1979. Speedee Mart operated the grocery store and paid rent for five months, through April of 1980, then closed the store and discontinued use of the building. After Speedee Mart departed, Stovall took possession of the building and formalized his possession, on June 27, 1980, by a writ of restitution from a Justice of the Peace court.

Stovall then sued Speedee Mart for past due rental payments from May of 1980 to the time of trial at $1,600.00 per month, future damages for anticipatory breach, attorneys' fees and other damages not pertinent here. Stovall's suit is grounded on paragraph 14 of the lease, which states:

14. FAILURE TO PAY RENT. In the event Tenant shall fail to pay the

rent herein reserved when it becomes due or shall fail to perform any of the convenants and agreements of this lease, the performance of which is hereby required of Tenant, then Landlord shall have the right to demand the remedying of said default or defaults by serving written notice on Tenant at the premises; and if at the expiration of fifteen (15) days from the receipt of said notice Tenant has not remedied said default or defaults, then Landlord shall have the right to reenter the premises, repossess said premises, evict Tenant, remove the property of Tenant and in the discretion of Landlord relet the premises. Repossession made by Landlord as provided in this paragraph shall not relieve Tenant from the payment of rent during the unexpired portion of the term of this lease or the unexpired portion of any extension thereof; but in the event Landlord relets the premises after such repossession and prior to the expiration of this lease or any extension thereof, Tenant's liability for rent under this paragraph shall be credited with all rent received by Landlord from said reletting from the time of reletting to the expiration of this lease or any extension thereof except Tenant shall receive no surplus over and above his liability for rent.

After a jury trial, the trial court entered judgment awarding Stovall damages of $68,625.23 plus attorneys' fees and interest. The jury awarded a portion of the damages, $43,025.23, for anticipatory breach and the trial court awarded the remainder, $25,-600.00 for rentals accruing from May 1980 to the date of trial.

Speedee Mart attacks the judgment by eleven points of error. Because it is the basis for our reversal, we will first resolve point three, by which Speedee Mart says the trial court erred in rendering judgment for both accrued rental and damages for anticipatory breach. We will also resolve point eight, by which Speedee Mart suggests we should order a remittitur.

■ When a tenant breaches a lease by abandoning the property and terminating rental payments, the landlord has four options: *

■ (1) The landlord may decline to repossess the property, electing instead to maintain the lease in full force and effect. Under that option, he can sue on the contract for the rent as it comes due and recover the contractual rent. *Maida v. Main Building of Houston,* 473 S.W.2d 648, 651 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ); *Western Flavor-Seal Co. v. Kallison,* 389 S.W.2d 521, 522 (Tex.Civ.App. —San Antonio 1965, no writ).

■ (2) The landlord may treat the tenant's conduct as an anticipatory breach of contract, and repossess and retain the property for his own purposes. Under that option, he can recover the present value of the rentals that accrue under the lease contract, reduced by the reasonable cash market value of the lease for the unexpired term. *Maida, supra; Walter E. Heller & Co. v. Allen,* 412 S.W.2d 712, 719–720 (Tex.Civ. App.—Corpus Christi 1967, writ ref'd n.r.e.).

■ (3) The landlord may treat the tenant's conduct as an anticipatory breach of contract, repossess the property and lease it to another tenant. Under that option, he can recover the contractual rental reduced by the amount to be received from the new tenant. *Maida, supra; White v. Watkins,* 385 S.W.2d 267, 270 (Tex.Civ.App.—Waco 1964, no writ).

■ (4) The landlord may declare the lease forfeited. Under that option, he relieves the tenant of liability for future rental payments. *Rohrt v. Kelley Manufacturing Co.,* 162 Tex. 534, 349 S.W.2d 95, 98 (1961); *Maida, supra.*

■ In this case, Stovall repossessed the property and retained it, electing to treat Speedee Mart's conduct as on anticipatory breach. Therefore, he is limited to the measure of damages discussed under the second option, *i.e.,* the present value of the rentals that accrue under the lease contract

---

* The four options are common law remedies    available unless the parties contract otherwise.

reduced by the reasonable cash market value of the lease for the unexpired term. Stovall did not, however, limit his recovery to the sum dictated by his election. He pleaded, sought, and recovered, the contractual rent for each month from the last payment to the time of trial, and the present value of the remaining rentals, reduced by the reasonable cash market value of the lease for the unexpired term. Thus, a substantial portion of the damages Stovall recovered, $25,600.00, was based on an option he waived when he repossessed the property.

■ Although we know that $25,600.00 was erroneously awarded, remittitur is not an appropriate remedy because Stovall's evidence in support of his anticipatory breach claim was based on the 99 months remaining on the lease at the time of trial. His expert witness multiplied the $1,600.00 monthly rental by the 99 months from time of trial to the end of the lease, a total of $158,400.00, and, using a 9% annual interest figure, placed a present value of $111,521.49 on the rentals to accrue under the lease. Because the witness should have used the 115 unpaid months remaining on the lease when rental payments stopped, as the starting point for his calculations, his ultimate conclusions are erroneous. Therefore, we will order a new trial.

■ Stovall defends his damages by citing *Republic Bankers Life Insurance Co. v. Jaeger*, 551 S.W.2d 30 (Tex.1976). We agree that *Jaeger* authorizes a court to award accrued payments due, with interest, to the date of trial, plus the present value of all unaccrued payments that would have been received if the contract had been performed. *Jaeger* was not, however, a landlord-tenant dispute; it was a suit on a disability insurance policy. The landlord's options, discussed above, are constructed to provide a fair distribution of benefits, rights and liabilities that are not present in other situations. Under the option applicable here, for example, the landlord who repossesses the building and retains it has the value of its use and the method of computing the damages recognizes that

benefit. Conversely, the disability insurance claimant who must recover his monthly payments in court has nothing until he collects the judgment. Thus, the rule stated in *Jaeger* is not applicable here. Point of error three is sustained and point of error eight is overruled.

Because we are remanding for a new trial, we will dispose of those points raised by Speedee Mart that would, were we to sustain them, require a rendition in its favor. By its first point, Speedee Mart says it is entitled to judgment because the lease did not provide for the rent to continue after eviction. It bases the point on that portion of paragraph 14, quoted above, which says:

> ... Landlord shall have the right to reenter the premises, *repossess* said premises, evict Tenant, remove the property of Tenant and in the discretion of Landlord relet the premises. *Repossession* made by Landlord as provided in this paragraph shall not relieve Tenant from the payment of rent during the unexpired portion of the term of this lease or the unexpired portion of any extension thereof .... [Emphasis added.]

Speedee Mart argues that it was evicted and the quoted language should be construed to mean that a tenant can be held liable for unpaid rentals if there is a "repossession," but not if there is an eviction.

■ The short answer to Speedee Mart's argument is that, under the record before us, it abandoned the property before Stovall secured a writ of restitution. Therefore, it was not evicted; the writ of restitution was an after-the-fact formality. *Metroplex Glass Center v. Vantage Properties*, 646 S.W.2d 263, 265 (Tex.App.—Dallas 1983, writ ref'd n.r.e.); *Michaux v. Koebig*, 555 S.W.2d 171, 177 (Tex.Civ.App.—Austin 1977, no writ); *Edwards v. Blissard*, 440 S.W.2d 427, 431 (Tex.Civ.App.—Texarkana 1969, no writ); *Lucky v. Fidelity Union Life Insurance Co.*, 339 S.W.2d 956, 959 (Tex.Civ.App.—Dallas 1960, no writ); *Coury v. Potterfield*, 299 S.W. 938, 939 (Tex. Civ.App.—Amarillo 1927, no writ).

Even had Speedee Mart been evicted, however, we would not adopt the lease construction it advances. The landlord may take the sequence of steps listed, *i.e.,* entry, repossession, eviction and removal of the tenant's property. However, "Repossession . . . as provided in this paragraph" is a generic phrase that, by its plain meaning, encompasses all of the permissible methods of retaking the property listed in the paragraph. *Steeger v. Beard Drilling, Inc.,* 371 S.W.2d 684, 688 (Tex.1963); *Members Mutual Insurance Co. v. Randolph,* 477 S.W.2d 315, 318 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.). Point of error one is overruled.

By its second point, Speedee Mart says it is entitled to judgment, at least as to rents accruing after the trial, because Stovall did not own the building at the time of trial. Stovall testified that he no longer owns the building, but the record tells us nothing else about the termination of his ownership.

We accept the general rule that a new owner is entitled to the rent if the tenant is still in possession when the new owner acquires title to the property. *See e.g., Dearborn Stove Co. v. Caples,* 149 Tex. 563, 236 S.W.2d 486, 488 (1951); *Arredondo v. Mora,* 340 S.W.2d 322, 325 (Tex.Civ.App. —El Paso 1960, writ ref'd n.r.e.). Where, however, the tenant has abandoned the property and the landlord later disposes of the property, the landlord does not automatically lose the right to pursue the cause of action available to him because of the tenant's anticipatory breach. *Cantile v. Vanity Fair Properties,* 505 S.W.2d 654, 658 (Tex.Civ.App.—San Antonio 1973, writ ref'd n.r.e.). On the scant record before us, we cannot conclude that Stovall's termination of ownership precluded his claim for anticipatory breach. Point of error two is overruled.

By its ninth point, Speedee Mart contends it was entitled to judgment because Stovall did not prove compliance with the notice requirements of the lease. The argument is based on the first sentence of paragraph 14, which says:

"In the event Tenant shall fail to pay the rent herein reserved when it becomes due or shall fail to perform any of the covenants and agreements of this lease, the performance of which is hereby required of Tenant, the Landlord shall have the right to demand the remedying of said default or defaults by serving written notice on Tenant at the premises; and if at the expiration of fifteen (15) days from the receipt of said notice Tenant has not remedied said default or defaults, the Landlord shall have the right to reenter the premises . . . ."

Speedee Mart argues that there is no evidence that Stovall gave notice at the premises as contemplated by the paragraph.

Assuming *arguendo* that compliance with the paragraph was required after Speedee Mart abandoned the property, there is direct evidence that Stovall made a written demand on Speedee Mart at an Odessa address and that Speedee Mart was aware of the demand. There is also circumstantial evidence that notice was given at the premises. The letter sent to Odessa contains a notation indicating that a copy of the letter was sent to the Dumas premises. Because Speedee Mart failed to request a jury issue on the defense, and did not conclusively establish it, the defense is waived. Tex.R.Civ.Pro. 279.

By point five, Speedee Mart contends special issue number one, which asked the jury to determine anticipatory breach damages, does not inquire about a legally recoverable measure of damages. By point six, Speedee Mart says the evidence of future damages was "mere speculation." By point seven, Speedee Mart says there is no or insufficient evidence to support the answer to special issue number one. In our discussion of point three we have outlined the proper measure of damages for this case and discussed the evidence that was presented at trial. Special issue number one is a substantially correct submission of anticipatory breach damages and Stovall presented probative evidence that was sufficient to justify submission of the issue. The errors occurred because the court did not limit the

award to anticipatory breach damages and Stovall's evidence did not encompass the correct time frame. Thus, the events that are specifically attacked by points five, six and seven are not reversible error. Rather, the error underlies those matters and encompasses a broader problem. Therefore, points of error five, six and seven are overruled.

Speedee Mart's remaining points, four, ten and eleven, are either inferentially resolved by our disposition of the foregoing points or pertain to matters that may not recur on retrial. Therefore, they need not be resolved.

The judgment of the trial court is reversed and the case is remanded.