704 S.W.2d 478 (1986)
Leonard E. CRABTREE, Appellant,
v.
SOUTHMARK COMMERCIAL MANAGEMENT, Appellee.
No. A14-85-516-CV.
Court of Appeals of Texas, Houston (14th Dist.),
January 16, 1986.
Rehearing Denied February 13, 1986.
*479 James L. McKey, Houston, for appellant.
Jeffrey D. Lehman, J. Patrick Coulson, Houston, for appellee.
Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION
ELLIS, Justice.
This is an appeal from a summary judgment rendered in favor of the appellee, Southmark Commercial Management, arising from a breach of a written rental lease agreement. We reverse and remand.
On July 1, 1978, the appellant, Dr. Leonard E. Crabtree, entered into a written lease with appellee, Southmark Commercial Managment, for office space located on the 14th floor of Twelve Oaks Medical Tower located at 4126 Southwest Freeway, Houston, Texas.
Pursuant to the terms of the lease, the appellant made a $750.00 advance security deposit and agreed to make payments of $750.00 per month for a period of ten (10) years starting July 1, 1978. The appellant also agreed to make certain payments towards the increases and the cost of maintaining the common area of the building.
In violation of the terms of the lease appellant moved out of the premises in March 1984. Appellant failed to make any further payments pursuant to the terms of the lease.
On November 12, 1984, summary judgment in cause number 84-14567 was granted by the 11th District Court of Harris County, Texas, in favor of appellee, Southmark Commercial Management, for the *480 principal amount of $7,037.85 together with attorney's fees in the amount of $1,870.00.
The Judgment recited:
Be it remembered that on the 12th day of November, 1984, came on to be heard in the Motion for Summary Judgment of Southmark Commercial Management, in the above matter and the Court, after reviewing the Motion for Summary Judgment, the affidavits incorporated therein, and taking all responses and all affidavits into consideration, is of the opinion that the Plaintiff is entitled to recover as to the entire case...
On May 9, 1985, a second Summary Judgment in Cause no. 84-68985, was rendered by the 61st District Court of Harris County, Texas, in favor of appellee for the principal amount of $3750.00, together with attorney's fees in the amount of $1500.00. This second judgment is the basis of this appeal.
In the first point of error, appellant contends that the trial court erred by granting appellee's second Motion for Summary Judgment in cause no. 84-68985 because the Final Judgment "as to the entire case," entered by the 11th Judicial District Court on November 12, 1984, in cause no. 84-14567 is a bar under the Doctrine of Res Judicata to the claim stated in appellee's second suit in cause number 84-68985 from which this appeal is taken. We agree.
The Original Petition, filed by the appellee in the first suit, indicates that it was treating appellant's removal from appellee's premises as an anticipatory breach of the lease. It sued for the value of the rentals for the remaining term of the lease. The relevant part of Plaintiff's Original Petition in it's first suit states:
The Defendant failed to make any further payment pursuant to the term of the lease for the common area maintenance charges and lease charges, and after crediting the $750.00 deposit there is a sum of at least $40,600.00 due and owing to the Plaintiff for rentals, damages to the premises, rehabilitation of the premises for releasing, rental adjustments and other reasonable charges.
When a tenant breaches a lease by abandoning the property and terminating rental payments, the landlord has four options:
(1) The landlord may decline to repossess the property, electing instead to maintain the lease in full force and effect. Under that option, he can sue on the contract for the rent as it comes due and recover the contractual rent. Maida v. Main Building of Houston, 473 S.W.2d 648, 651 (Tex.Civ.App.Houston [1st Dist.] 1971, no writ); Speedee Mart Inc. v. Stovall, 664 S.W.2d 174 (Tex.App.Amarillo [7th Dist.] 1983, no writ).
(2) The landlord may treat the tenant's conduct as an anticipatory breach of contract, and repossess and retain the property for his own purposes. Under that option, he can recover the present value of the rentals to accrue under the lease contract, reduced by the reasonable cash market value of the lease for the unexpired term. Maida, supra; Speedee Mart Inc., supra.
(3) The landlord may treat the tenant's conduct as an anticipatory breach of contract, repossess the property and lease it to another tenant. Under that option, he can recover the contractual rental reduced by the amount to be received from the new tenant. Maida, supra; Speedee Mart Inc., supra.
(4) The landlord may declare the lease forfeited. Under that option, he relieves the tenant of liability for future rental payments. Maida, supra; Speedee Mart Inc., supra.
In this case, as illustrated by the pleadings, from the first suit, appellee treated Dr. Crabtree's conduct as an anticipatory breach. Therefore, he is limited to the measure of damages discussed under the second option, i.e., the present value of the rentals that accrue under the lease contract reduced by the reasonable cash market value of the lease for the unexpired term.
On May 9, 1985, Summary Judgment was rendered in this case in favor of appellee, *481 Southmark Commercial Management, in the principal amount of $3,750.00 together with attorney's fees in the amount of $1500.00. Upon examining the terms of the lease and appellee's Motion for Summary Judgment, it becomes obvious the sum of $3,750.00 reflects the sum total owed by appellant for rent due for the months of November and December of 1984 and January, February and March of 1985.
The doctrine of res judicata operates to bar subsequent actions involving an identical cause of action between the identical parties and those in privity with them. Houchins v. Scheltz, 590 S.W.2d 745 (Tex.Civ.App.Houston [14th Dist.] 1979), rehearing denied; Abbott Laboratories v. Gravis, 470 S.W.2d 639 (Tex.1971). In Texas, the rule also operates to bar litigation of all issues connected with a cause of action or defense which might have been tried in a former action as well as those which were actually tried. Abbott Laboratories, supra, citing Ogletree v. Crates, 363 S.W.2d 431 (Tex.1963).
A judgment in a suit on one theory is conclusive as to all theories of liability that might have been alleged and defenses that might have been urged with respect to the claim; thus all grounds of recovery or defense must be urged or will be barred. A judgment on the merits of one cause of action is not conclusive of a subsequent suit on a different cause of action except as to issues of fact actually litigated and determined therein. Griffin v. Holiday Inns of America, 496 S.W.2d 535 (Tex.1973) and cases cited therein.
The appellee's Original Petition, in his first suit, clearly sets forth a claim for anticipatory breach and seeks recovery for the total rent due for the remaining term of the lease. The Summary Judgment rendered in that case, cause no. 84-14567, on November 12, 1984 reflected an award of damages to satisfy appellee's claim for anticipatory breach. The judgment recited that appellee recovered as to the entire case.
The relevant part of appellee's original petition in his second suit states:
The Defendant failed to make any further payment pursuant to the terms of the lease for the common area maintenance charges; and, as a result of the Defendant's breach, there is presently due and owing to the Plaintiff under the terms of the lease agreement the sum of at least $35,000.00 together with prejudgment interest on said sum, post-judgment interest for rentals, damage to the premises, rehabilitation of the premises for re-leasing, rental adjustments, common area maintenance charges and other charges as provided for in the lease agreement.
The second Summary Judgment rendered on May 9, 1985, in cause no. 84-68985, was based upon the same cause of action and between the same parties. If a plaintiff prevails in a lawsuit, his cause of action merges into the judgment and the cause of action dissolves. Jeanes v. Henderson, 688 S.W.2d 100 (Tex.1985).
In our case the appellee prevailed in the first suit as to the entire case, including anticipatory breach of the lease, therefore, his cause of action merged into the judgment and dissolved. Appellee is precluded from bringing another suit for that same cause of action. We find that appellee has had his day in court and should be barred by the doctrine of res judicata from any recovery under the present suit.
Accordingly, we sustain appellant's first point of error and reverse the trial court's judgment and remand the cause to the court for proceedings in accordance with our opinion.
The appellant's second point of error alleging the trial court erred in granting appellee's Motion for Summary Judgment because, as a matter of law, the pleadings and summary judgment evidence established the existence of material fact issues need not be addressed in view of our holding.