**LAKESIDE LEASING CORPORATION & Robert M. Reed, Appellants,**

v.

**KIRKWOOD ATRIUM OFFICE PARK PHASE 3, Appellee.**

No. B14–87–00611–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 14, 1988.

Grady Brown, Houston, for appellants.

Joe G. Bax, Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellants, Lakeside Leasing Corporation ["Lakeside"] and Robert M. Reed ["Reed"], appeal by writ of error from a default judgment in favor of the appellee and landlord, Kirkwood Atrium Office Park Phase 3 ["Kirkwood"]. Kirkwood had sued appellants, its tenants, for breach of a commercial leasing contract. On finding that appellants neither answered nor appeared despite proper service, the trial court entered a default judgment awarding Kirkwood damages and attorney's fees. Appellants raise but one point of error. They contend that because Kirkwood's claim is for unliquidated damages, the trial court committed reversible error when it awarded damages without hearing evidence. We agree. Although the record supports appellants' liability for breach of the lease agreement, we conclude the theory on which the trial court awarded damages has no support in Kirkwood's pleadings or the record. We therefore remand this case to the trial court for a trial on the damages issue.

Reed, as president of Lakeside, executed a sixty-month lease in favor of Kirkwood for office space from which to conduct a car leasing business. The lease term began on March 1, 1984. Lakeside began missing lease payments in September of 1986. On February 19, 1987, Kirkwood filed a petition alleging that Lakeside and Reed had defaulted on the lease agreement based on a past failure to pay rent, parking and escalations. Kirkwood requested damages and attorney's fees pursuant to the lease agreement.

Kirkwood moved for a default judgment after Reed and Lakeside failed to answer. Its motion alleged its damages were liquidated and based on an instrument in writing, the lease agreement. As the trial court's official court reporter's affidavit indicates, the trial court heard no evidence on Kirkwood's motion for entry of default judgment. The judgment awarded Kirkwood $104,101.28 as damages and a total of $16,160.00 for attorney's fees, to be reduced by fixed amounts in the event appellants failed to appeal.

On reviewing the record, we conclude appellants have complied with the necessary procedural prerequisites. Its writ of error is therefore properly before this court. *See* Tex.R.App.P. 45. Generally, the same standards of review and powers of disposition as govern ordinary direct appeals govern our review of a default judgment. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985). Contrary to Kirkwood's contention, however, the usual presumption of the validity of judgments does not apply when this court reviews a default judgment by writ of error. *First Dallas Petroleum, Inc. v. Hawkins,* 727 S.W.2d

640, 645 (Tex.App.—Dallas 1987, no writ); *Wilson v. Industrial Leasing Corp.*, 689 S.W.2d 496, 497 (Tex.App.—Houston [1st Dist.] 1985, no writ). In addition, the trial court's error in entering the default must be apparent from the papers on file in the case, or what is often termed "the face of the record." *Wilson*, 689 S.W.2d at 497; *Winston Mortgage Co. v. Bevly*, 583 S.W.2d 838, 839 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Because Kirkwood's petition incorporated its lease agreement with appellants by reference, we will examine the lease agreement as part of the record of the instant case.

By failing to answer, a defendant generally admits the material facts properly alleged in his opponent's petition. *See Stoner v. Thompson*, 578 S.W.2d 679, 684 (Tex.1979); *Johnson v. Gisondi*, 627 S.W.2d 448, 450 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). On appeal, therefore, he may not contest the sufficiency of the evidence to support his liability for the plaintiff's claim, unless the facts alleged in the petition do not support liability as a matter of law. *Stoner*, 578 S.W.2d at 684–85; *First Dallas Petroleum, Inc.* 727 S.W.2d at 645 (Tex.App.—Dallas 1987, no writ); *see also*, Tex.R.App.P. 90 (rule requiring special exceptions in order to preserve pleadings defects does not apply to default judgments).

Here, appellants concede they failed to answer despite proper service. Kirkwood's petition alleged appellants' default in the lease obligations based on failure to pay past rent, recited that Lakeside had forfeited its corporate charter but that Reed had guaranteed Lakeside's obligation, and incorporated a copy of the lease by reference. Failure to pay a rent installment within five days qualified as a default under paragraph 22 of the parties' lease agreement, while paragraph 23 defined Kirkwood's remedies for default. Paragraph 23 enabled Kirkwood to seek reasonable attorney's fees to prosecute a default. We find that the petition adequately supports the conclusion that appellants breached the lease and are liable for reasonable

attorney's fees. Therefore, that portion of the judgment which finds appellants liable to Kirkwood is proper. *See City of Houston v. Arney*, 680 S.W.2d 867, 874 (Tex. App.—Houston [1st Dist.] 1984, no writ).

The $104,101.28 damage award fails two additional tests, however. In order for the damages portion of the default judgment to stand, a plaintiff's petition must fairly notify the defendant of the relief sought. *Fairdale, Ltd. v. Sellers*, 651 S.W.2d 725 (Tex.1982); *Stoner* 578 S.W.2d at 683. In addition, if the plaintiff's claim is for unliquidated damages, the court must conduct an evidentiary hearing before entering judgment. Tex.R.Civ.P. 243; *Johnson v. Gisondi*, 627 S.W.2d at 449; *Freeman v. Leasing Associates, Inc.*, 503 S.W.2d 406, 408 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ). We conclude that Kirkwood's petition failed to inform appellants adequately of the damages the court ultimately awarded, and that Kirkwood's request for damages necessitated an evidentiary hearing.

The trial court's judgment reflects only that the appellants were "duly indebted" to Kirkwood in the amount of $104,101.28, without specifying the theory of damages underlying the award. As best we can construe its response to appellants' point of error,[1] Kirkwood defends the trial court's $104,101.28 award on two grounds: first as "liquidated damages" pursuant to the lease; second, as consistent with the common law. Kirkwood contends that either theory will satisfy Tex.R.Civ.P. 241, which, unlike Rule 243, permits a trial court to assess damages by simply referring to the written instruments accompanying the petition, in this case the lease, without hearing any evidence. We disagree.

## "LIQUIDATED DAMAGES"

Kirkwood claims the trial court's award is consistent with a provision of the lease entitling it to *both* past due rentals *and* the value of discounted future rentals. Paragraph 23 of the lease reads in pertinent part:

---

1. Kirkwood waived oral argument in this case.

"23. LESSOR REMEDIES: ... If Lessor elects to terminate this lease, it may treat the default as an entire breach of this lease and Lessee shall immediately become liable to Lessor for damages equal to the total of the cost of recovering, re-renting and remodeling the leased premises, (i) the cost of recovering, re-renting, and remodeling the leased premises, (ii) all unpaid rental obligations and other amounts earned or due through such termination, *plus* (iii) the excess, if any, of the present value of rental obligation and other amounts to be paid by lessee hereunder for the remainder of the full term of this lease *over the present fair market value* of the leased premises for the remainder of the full term, such present value to be based on a *Six Percent* (6%) per year discount rate and computed as of the date of termination. (emphasis added)

■ Kirkwood's argument is seriously flawed. First, there are insufficient pleadings to support an award of past *and* future rentals. Although the parties seemingly contracted that Kirkwood could recover past due rentals *plus* the present value of future rentals over their fair market value after electing to terminate, Kirkwood's petition outlined its remedies and requested damages in alternative form only, *ie.,* to recover delinquent rent *or* rent that would become delinquent in the future. Moreover, paragraph 23 clearly requires that Kirkwood elect to terminate the lease as a condition precedent to recovering the damages outlined therein. Yet Kirkwood's petition also fails to reflect that election. Pursuant to *Stoner v. Thompson*, 578 S.W.2d at 683 and *Fairfield, Ltd. v. Sellers*, 651 S.W.2d at 725, we hold that the pleadings do not "fairly notify" appellants of Kirkwood's attempts to seek both past and future rents. *Accord, Davis v. Ross*, 678 S.W.2d 636, 637 (Tex.App.— Houston [14th Dist.] 1984, no writ) (default judgment is improper where the pleadings affirmatively disclose the invalidity of the claim); *Caruso v. Krieger*, 698 S.W.2d 760, 762 (Tex.App.—Austin 1985, no writ) (default judgment not supported by the pleadings is fundamentally erroneous); Tex.R. Civ.P. 301 (judgment shall conform to the pleadings).

■ We also note that if it were hypothetically possible to construe Kirkwood's petition as encompassing a request for both past due rentals and future rentals, the award does not comport with the express provisions of the lease. Kirkwood attempts to explain the total award as follows:

| | |
|---|---|
| Delinquent rent: | $ 28,305.52 |
| Present value of 22 months of future rent @ $3785.00, ($83,- 270.00) discounted by 10% | $ 75,795.76 |
| TOTAL (amount of judgment) | $104,101.28 |

But simply reducing the future rentals to present value will not satisfy paragraph 23 of the lease, which expressly requires that the present value of future rentals be further reduced by the present fair market value of the premises. Kirkwood's breakdown of the damage award makes no attempt to reflect the market value adjustment required by the lease. Nor does anything in the record suggest the fair market value of the premises.

■ Kirkwood also claims the trial court properly calculated the present value of the $83,270.00 by referring to the statutory rate of post-judgment interest in effect on the date of judgment. Kirkwood correctly cites *Look v. Werlin*, 590 S.W.2d 526 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ) for the proposition that a court may properly discount a future amount without hearing evidence by referring to the statutory rate of interest. However, Kirkwood overlooks the specific provisions of its own contract. Paragraph 23 of the lease establishes a six percent discount rate for calculation of the value of future rentals. Pursuant to Tex.Rev.Civ. Stat.Ann. art 5069-1.05 § 1(1) (Vernon Supp.1988), the six percent rate of interest established by Kirkwood's own contract, rather than the statutory rate, would control.

Because Kirkwood's petition did not fairly notify appellants that it was seeking recovery of both past and future rentals pursuant to paragraph 23 of the lease, and

because the trial court's award does not comport with the express requirements of that clause, we cannot sustain the trial court's damage award as consistent with that provision.

## COMMON LAW REMEDIES

Kirkwood points out that paragraph 23 of the lease also allows it to recover based on traditional common law remedies. We agree that its lease permits Kirkwood to pursue common law remedies. We likewise find that its petition gave fair notice of those remedies. The petition referred to an additional provision of paragraph 23 of the lease agreement which entitled it to sue for past due rent *or* for future rent, and requested damages pursuant to the lease on three alternative theories: contractual recovery of past due rent; anticipatory breach recovery of future rent diminished by any rent received through reletting the premises; and anticipatory breach recovery of the present cash value of future rents diminished by their reasonable market value.

 It is well settled in Texas that the foregoing remedies are traditionally available at common law when a commercial landlord seeks compensation for his tenant's default. *See Crabtree v. Southmark Commercial Management,* 704 S.W.2d 478, 480 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Speedee Mark, Inc. v. Stovall,* 664 S.W.2d 174, 177 (Tex.App.—Amarillo 1984, no writ); *Bifano v. Young,* 665 S.W.2d 536, 538 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.), and case cited therein; 49 Tex.Jur.3d *Landlord & Tenant* § 170 (1982). By requesting relief on alternative grounds, Kirkwood was required to elect between three common law remedies: the two remedies for anticipatory breach; and relief pursuant to the contract for rent as it became due. Yet the trial court's $104,101.28 award is significantly larger than $28,305.52, the total amount of past due rent. It also exceeds the undiscounted total of the twenty-two future installments of $3,785.00 each under the lease, or $83,270.00. We conclude the trial court attempted to compensate Kirkwood for *both* past due rent and future

rent, relief which Kirkwood's petition clearly forecloses. *See Fairdale, Ltd,* 651 S.W.2d at 725; *Stoner,* 578 S.W.2d at 684; *Caruso,* 698 S.W.2d at 762; *Davis,* 678 S.W.2d at 637.

 Based on its having awarded Kirkwood a sum far in excess of the past due rentals, the trial court apparently determined that Kirkwood treated appellants failure to pay rent as an anticipatory breach. However, the court clearly erred by failing to hear evidence before making that determination. Based on whether the landlord retains the premises or leases them to another tenant, Texas law recognizes two common law remedies available to the landlord who treats his tenant's default as an anticipatory breach. If the landlord elects to simply retain the premises for his own benefit, his measure of damages is the difference between the present value of the future rentals under the contract diminished by the reasonable current market value of the premises. *See Crabtree,* 704 S.W.2d at 480; *Speedee Mart,* 664 S.W.2d at 177. Yet, as we have indicated, the record lacks evidence of the market value of the premises. Moreover, although Kirkwood's petition alleged that appellants had failed to pay rent, it fails to demonstrate either that Kirkwood repossessed and retained the premises for its own benefit, or that Kirkwood formally accelerated the lease, prerequisites to recovery under the present value of future rents theory of damages. *Crabtree,* 704 S.W.2d at 480; *Speedee Mart,* 664 S.W.2d at 177.

 If a landlord choses to rent the premises to another tenant, he can recover the difference between the rent originally contracted for and that realized from reletting. *Crabtree,* 704 S.W.2d at 480; *Speedee Mart,* 664 S.W.2d at 177. Yet, in the instant case, there was no evidence in the record when the trial court entered judgment which established either that Kirkwood had relet the premises or that it had terminated appellants' right to possess the leased premises.

We therefore hold that although Kirkwood's pleadings properly placed its common law remedies before the trial court, because its damages pursuant to those remedies were clearly unliquidated, the court erred by failing to hear evidence concerning damages. Tex.R.Civ.P. 243; *Gisondi*, 627 S.W.2d at 449; *Freeman*, 503 S.W.2d at 408. Moreover, because the trial court attempted to compensate Kirkwood for past *and* future rentals, relief which had no support in the pleadings, we further hold that the $104,101.28 damage award cannot stand pursuant to either the common law or the liquidated damages clause of the lease. We therefore remand this case for a trial on the damages issue consistent with this opinion.

That portion of the trial court's judgment finding appellant, Lakeside Leasing Corporation and Robert M. Reed, liable to Kirkwood Atrium Office Park Phase 3 is affirmed. However, that portion of the judgment which awards Kirkwood $104,101.28 is reversed. This case is remanded to the trial court for a new trial on the damages issue.