Shirley Marie CURRY *v.* STATE of Arkansas

CR 80-119 & CR 80-186        605 S.W. 2d 748
Supreme Court of Arkansas
Opinion delivered October 6, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Ray Harten-stein*, Chief Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is a capital felony murder case in which the appellant was sentenced to life imprisonment without parole. On such an appeal it is the appellant's duty to abstract all objections that were decided adversely to her in the trial court. Supreme Court and Court of Appeals Rule 11 (f). The case has not yet been fully briefed in this court.

The Attorney General has filed a motion asserting that the appellant has not in fact abstracted all such objections and asking that she be required to do so. The Attorney General has also, in a separate motion not directly related to this case, asked the court to amend Rule 11 (f) by adding a requirement that the appellant submit with the abstract a list of all such objections, with page references to the record and to the abstract. The State Appellate Defender resists the suggested amendment to the rule and also insists that any defects in his abstract of the record in this case are minor omissions which the Attorney General should be expected to supply in a supplemental abstract. Inasmuch as similar motions by the Attorney General, asking that an appellant be required to file a supplemental abstract, are becoming increasingly frequent, we have thought it best to express our position in an opinion, for the guidance not only of these attorneys but also of other lawyers appearing for an appellant in appeals from a sentence of death or life imprisonment.

Rule 11 (f) itself is essentially simple and self-explanatory. Its second paragraph is pertinent here:

When the sentence is death or life. imprisonment, the Court must review all errors prejudicial to the appellant. Act 333 of 1971; Ark. Stat. Ann. § 43-2725

[Repl. 1977]. To make that review possible the appellant must abstract all objections that were decided adversely to him in the trial court, together with such parts of the record as are needed for an understanding of the objection. The Attorney General will make certain that all objections have been so abstracted and will brief all points argued by the appellant and any other points that appear to him to involve prejudicial error.

The section of the statutes cited in the rule has now been superseded by Criminal Procedure Rule 36.24 (1976), which is to the same effect.

Although the paragraph just quoted puts upon the appellant the primary burden of abstracting all objections decided adversely to him, the Attorney General shares responsibility for compliance. In practical effect, that means that both counsel for the appellant and counsel for the State must examine the record page by page to be certain that all the objections are brought to the court's attention. Indeed, for many years the members of this court made that examination in capital cases, before the rule was amended to read as it does now.

The position argued by the Appellate Defender, that "minor omissions" in his abstract should be supplied by the Attorney General, proposes a standard too vague to be workable. When is an omission "minor"? Any such standard would inevitably give rise to disputes between counsel similar to that now before us. We reject that argument.

Neither do we find it necessary to amend the wording of the rule. Counsel for the appellant must in every case examine each page of the record as he prepares his abstract. He thus has the opportunity to note and to abstract all the objections decided adversely to the appellant, with page references to the record that will ordinarily be in their proper numerical sequence. There should be no need for the suggested separate list of objections, because counsel for the State can readily check the accuracy of the abstract against the record itself, both being in the same numerical order. Of course, there may be parts of the record that are not pertinent

to the appeal and need not be abstracted, such as the voir dire examination of each juror or pretrial rulings or testimony not relevant on appeal. If, however, objections were made during such parts of the proceeding, those objections should be abstracted in sequence as they appear in the record. And if, as sometimes happens, counsel for the appellant deems it best not to abstract the record exactly according to the sequence of its numbered pages, appropriate explanations should be inserted for the benefit of the Attorney General and the court.

The Attorney General's motion for a supplemental abstract makes a sufficient showing of omissions and is granted. His motion for an amendment to the rule is denied.