**AMARILLO NATIONAL BANK,**
**Appellant,**

v.

**Leartrimus TERRY, et al., Appellees.**

**No. 07–81–0187–CV.**

Court of Appeals of Texas,
Amarillo.

Aug. 31, 1983.

Josiah M. Daniel, III, Underwood, Wilson, Berry, Stein & Johnson, Amarillo, for appellant.

Herbert C. Martin, Amarillo, for appellees.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

Amarillo National Bank appeals from a judgment, rendered on a jury verdict, decreeing its liability to Leartrimus Terry and his wife, Bessie Terry, for all unauthorized withdrawals made from their respective savings accounts by seventeen-year-old Milton Charles Terry, the natural son of Leartrimus and step-son of Bessie. Agreeing with the trial court's determination that, under this record, the parental liability statute affords the bank no recovery from the Terrys, we affirm.

Leartrimus and Bessie each maintained a separate savings account with the Amarillo National Bank. Neither account was subject to withdrawals by Milton, who did not own any interest in either account. However, between July 16 and October 5, 1979, Milton effected a series of unauthorized withdrawals, which resulted in his subsequent conviction for forgery, from the savings accounts of both Leartrimus and Bessie. The withdrawals aggregated $12,385 for Leartrimus' account and $1,250 for Bessie's account.

When the unauthorized withdrawals were discovered, the bank recredited Bessie's account in the sum of $500, the amount she reported was withdrawn without her authorization, and recredited Leartrimus' account in the sum of $7,385. The bank declined to pay Leartrimus the additional $5,000 in reliance on chapter 33 of the Texas Family Code. That chapter, fixing the liability of parents for the conduct of a child, then provided, as material here, the following:

Section 33.01. Liability

A parent or other person who has the duty of control and reasonable discipline of a child is liable for any property damage proximately caused by:

(1) the negligent conduct of the child if the conduct is reasonably attributable to the negligent failure of the parent or other person to exercise that duty; or

(2) the wilful and malicious conduct of a child who is at least 12 years of age but under 18 years of age.

§ 33.02. Limits of Recovery

Recovery for damage caused by wilful and malicious conduct is limited to actual damages, not to exceed $5,000, plus court costs and reasonable attorneys' fees.*

Tex.Fam.Code Ann. §§ 33.01, 33.02 (Vernon 1975).

Some three months later, Bessie notified the bank of two other unauthorized withdrawals from her account totalling $750. The bank refused to pay her the $750, taking the position that her failure to comply with the statutory duties imposed on a bank

---

* Effective June 10, 1981, this section was amended, increasing the limits of recovery "not to exceed $15,000 per act." Tex.Fam.Code Ann. § 33.02 (Vernon Supp. 1982–1983).

customer precluded her recovery since the bank had suffered a loss. Tex.Bus. & Com. Code Ann. § 4.406 (Vernon 1968).

Leartrimus and Bessie, together with two others whose names were carried on their accounts, sued the bank to recover the amounts of the unauthorized withdrawals not recredited to their accounts. The bank interposed a general denial and affirmative defenses not germane to this appeal; and, by way of affirmative defense, setoff and counterclaim, alleged that Leartrimus and Bessie were liable to it, under chapter 33 of the Texas Family Code, in the sum of $5,000 and attorney's fees because Milton, by his wilful and malicious conduct in making the unauthorized withdrawals, proximately caused the bank property damage.

The jury, in brief, did not fault Leartrimus and Bessie for the bank's actual damages ascertained to be $8,337.26 as the result of Milton's unauthorized withdrawals, but found that the bank's failure in several instances to act with the reasonable commercial standards of its business was the proximate cause of the Terrys' loss of savings funds. After both the Terrys and the bank moved for judgment, the court rendered judgment decreeing that Leartrimus recover $5,000 plus prejudgment interest, that Bessie recover $750 plus prejudgment interest, and that they jointly recover $2,000 as attorney's fees, all from the bank.

In pursuing its appeal with three points of error, the bank utilizes its first two points to charge the trial court with error in overruling its motions for instructed verdict and for judgment, asserting that the Terrys' admissions, the jury's finding that it suffered actual damages of $8,337.26, and the undisputed evidence conclusively established each and every element of the Terrys' liability under the parental liability statute. Without addressing each element of liability asserted to be conclusively established or the Terrys' contention that, notwithstanding parental liability, the bank is still liable to them, it suffices to record that the bank failed in two respects to establish the Terrys' liability for Milton's conduct.

In considering the statute as it is, which we are enjoined to do, we must find the legislative intent in its language and not elsewhere, giving full effect to all of its terms. *Texas Highway Commission v. El Paso Bldg. & Const. Trades Council,* 149 Tex. 457, 234 S.W.2d 857, 863 (1950). And since the Legislature did not specifically define the statutory terms it used, we are to give them the meaning in which they are ordinarily understood. *Satterfield v. Satterfield,* 448 S.W.2d 456, 459 (Tex.1969).

By the terms of the statute, liability is imposed on the parent or other person for "property damage." Notwithstanding the phraseology of the statute, one court found that the legislative intent "is to protect and compensate property owners from the wilful and malicious *destruction* of their property by minors (emphasis added)." *Buie v. Longspaugh,* 598 S.W.2d 673, 675 (Tex.Civ. App.—Fort Worth 1980, writ ref'd n.r.e.). But, giving the phrase the meaning in which it is ordinarily understood, there was no property damage proximately caused by the unauthorized withdrawals of money, for there was no damage inflicted on, much less a destruction of, the money the bank lost. Instead, the bank suffered only an economic loss and, therefore, the bank was not caused property damage within the meaning of the statute.

Further, by giving full effect to all of the statutory terms, the Terrys could be liable for Milton's conduct only if it was both "wilful and malicious." There is no finding of wilful and malicious conduct; rather, the bank represents that, in response to its request for admissions of fact, the Terrys admitted Milton's conduct was wilful and malicious. However, in the record we review, the word "malicious" is lined out in the request, leaving only Milton's wilful conduct which the Terrys admitted. In their brief, the Terrys affirmatively state that the word "malicious" was stricken from the request before they answered it, and the bank has not seen fit to refute the statement. Thus, upon this record, the bank failed to adduce evidence of the conduct required for imposition of the statuto-

ry liability. It is, of course, axiomatic that the absence of evidence to prove an element essential to a party's cause of action is fatal to the right of recovery, and is the basis for judgment rendered against the party. *See, e.g., Pacific Fire Ins. Co. v. Smith,* 219 S.W.2d 710, 711 (Tex.Civ.App.—Eastland 1949, no writ); *Williams Sign Co. v. Rodgers,* 24 S.W.2d 478, 479 (Tex.Civ.App.—Amarillo 1930, no writ).

Accordingly, we overrule the bank's first two points of error. We do not reach the third point, which is conditionally presented.

The judgment is affirmed.