**Cynthia Blanco GOMEZ and Ben Ortega Gomez, Appellants,**

v.

**Lucille BRYANT and Brenda Bryant, Appellees.**

No. 08–87–00274–CV.

Court of Appeals of Texas, El Paso.

March 16, 1988.

Carla Bennett, Larry S. Lee & Assoc., P.C., Houston, for appellants.

Robert E. White, Childs & Bishop Law Offices, Odessa, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

OPINION

WOODARD, Justice.

This is an appeal from a default judgment rendered against the Defendants on April 6, 1987. We affirm.

On May 4, 1987, a motion for new trial was filed.

On August 19, 1987, more than seventy-five days from the signing of the judgment, an order overruling the motion for a new trial was signed.

■ Point of Error No. One contends that the trial court erred in overruling Defendants' motion for new trial. Plaintiffs contend that the trial court did not have jurisdiction to enter the order overruling the motion, and therefore no error could come from a nullity.

The order overruling the motion for new trial was signed more than seventy-five days from the day the default judgment was signed. Tex.R.Civ.P. 329b(c) provides:

In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

Section (f) provides:

On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law; ....

Defendants contend there were agreements between the parties to extend the time for disposing of the motion for new trial. This was expressly provided for in the former Rule 329b, sec. 3, which was repealed as of January 1, 1981. The deletion of this special proviso would re-kindle the general rule of law that the jurisdiction over subject matter by a court cannot be extended or conferred by stipulation or agreement of the parties, nor be waived by the trial court. *Wilkinson v. Wilkinson*, 419 S.W.2d 226 (Tex.Civ.App.—Dallas 1967, no writ); *Poynor v. Bowie Independent School District*, 627 S.W.2d 517 (Tex.App. —Fort Worth 1982, writ dism'd). Furthermore, Section (f), 329b, reinforces this general rule by implication.

In addition, the Defendants' affidavits attached to their motion for new trial are deficient under the test set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex.Com.App.1939); *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966); and *Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex. 1984). The requirement of a prima facie meritorious defense is not adequately met on behalf of Cynthia Blanco Gomez and there is no address to the grant of a new trial not occasioning a delay by either Defendant. Point of Error No. One is overruled.

■ Defendants' second point of error attacks the form of the judgment, citing Tex.R.Civ.P. 306, which states:

The entry of the judgment shall contain the full names of the parties, as stated in the pleadings, for and against whom the judgment is rendered.

In this case, the judgment did not refer to the Defendants by name in the body of the judgment. They were referred to only as Defendants. They were properly named in the caption of the judgment. Failure to name the parties in the body of the judgment may be disregarded if their identity can be established from the caption, record, pleadings and process. *Laros v. Hartman*, 152 Tex. 518, 260 S.W.2d 592 (Tex.1953). Point of Error No. Two is overruled.

Judgment of the trial court is affirmed.