**John MARSHALL, Individually and d/b/a The Copper Penny, Appellant,**

v.

**TELECOMMUNICATIONS SPECIALISTS, INC., Appellee.**

**No. 01–90–00129–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 21, 1991.

905

JohnJohn K. Grubb, Houston, for appellant.

John M. McDermott, Houston, for appellee.

Before DUNN, SAM BASS and MIRABAL, JJ.

## OPINION

DUNN, Justice.

Appellee, Telecommunications Specialists, Inc., sued appellant, John Marshall, individually and d/b/a The Copper Penny, for anticipatory breach of a lease agreement for telephone equipment. After trial to the court, the court entered judgment in favor of appellee in the amount of $18,-051.98. The trial court filed no findings of fact or conclusions of law. Appellant appeals the judgment.

On October 28, 1985, appellant and appellee entered into a written rental agreement, which, as later modified, provided appellant would lease from appellee certain telephone equipment for a period of 63 months commencing November 15, 1985. Later, appellant stopped making payments under the agreement, and appellee repossessed some of the equipment.

At trial, appellee sought to hold appellant liable for the present value of the unpaid rentals, less the reasonable value of re-renting the equipment.

■ In his first point of error, appellant contends that the trial court erred in allowing appellee's witness to testify to the present value of the unpaid rentals under the lease because such testimony was hearsay based on a document not admitted into evidence.

During her testimony, Mildred Davidson, appellee's collection department supervisor, referred to a document marked as exhibit four, but the document was never admitted into evidence. Davidson testified that the document reflected the calculation of the present value of the unpaid rentals on the equipment. She did not prepare the figures on the document. When appellee's counsel asked Davidson what the present value of the unpaid rentals on the equipment was, appellant's counsel objected.

Appellant's counsel took Davidson on voir dire and established:

(1) Davidson could calculate the present value of the rentals;

(2) She needed figures contained on the document to do the calculation; and

(3) She had no personal knowledge, independent of the document, of the amount of money appellant owed appellee.

Appellant's counsel reurged his objection to the testimony as based on a document not admitted in evidence, which contained hearsay based upon hearsay, and of which she had no personal knowledge. The court overruled the objection.

Davidson testified that the present value of the rentals was $18,051.98. However, on cross-examination, she admitted she could not tell the present value without looking at the document, nor could she determine what factors were used in calculating the present value. Davidson admitted she did not know what capitalization rate was used to determine the present value, but the rate used was the interest rate used at the time of the rental agreement.

Davidson testified by reading from a document. The document was a statement made by someone other than Davidson repeated by her while testifying at trial, offered in evidence to prove the truth of the matter asserted. The testimony was clearly hearsay. Tex.R.Civ.Evid. 801(d). Appellee did not attempt to introduce the document under the business records exception to the hearsay rule. We hold the trial court erred in overruling appellant's objection and permitting Davidson to testify to the present value of the unpaid rentals from the document not introduced in evidence.

We conclude this error was harmful. Davidson's testimony concerning the present value is exactly the amount of the judgment. Undoubtedly this testimony was the evidence the trial court used to determine the amount of the judgment. Thus, the trial court's error in admitting the testimony was harmful. *See* Tex.R. App.P. 81(b)(1) (no judgment shall be reversed on appeal unless the appellate court finds the error committed by the trial court was reasonably calculated to cause and probably did cause rendition of an improper judgment).

We sustain appellant's first point of error.

■ In his second point of error, appellant contends that the trial court erred in entering judgment for appellee in the amount of $18,051.98 because no evidence supported appellee's damages.

■ In the absence of findings of fact or conclusions of law, an appellate court presumes the trial court made all necessary findings to support the judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989); *In re Estate of Johnson*, 781 S.W.2d 390, 391 (Tex.App.—Houston [1st Dist.] 1989, writ denied). Implied findings of fact may be challenged by "no evidence" points just as jury findings and a trial court's

findings of fact may be. *Roberson*, 768 S.W.2d at 281.

■ In determining whether there is any evidence to support the judgment and the implied findings of fact, an appellate court can only consider the evidence that is favorable to the judgment and must disregard all evidence to the contrary. *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982). If there is any evidence of probative force to support the finding, the appellate court must uphold it. *Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 242 (Tex.1988); *Glockzin v. Rhea*, 760 S.W.2d 665, 666 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

The case was tried on the theory of anticipatory breach of the lease. Under this theory, appellee was required to prove the present value of the remaining rentals under the lease contract, reduced by the reasonable value of re-renting the equipment. *See Crabtree v. Southmark Commercial Management*, 704 S.W.2d 478, 480 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (landlord, who treated tenant's conduct as anticipatory breach, was limited to recover damages in the amount of the present value of the rentals that accrue under the lease reduced by the reasonable cash market value of the lease for the unexpired term); *Speedee Mart, Inc. v. Stovall*, 664 S.W.2d 174, 177 (Tex.App.—Amarillo 1983, no writ) (landlord, who treated tenant's conduct as anticipatory breach, can recover contractual rental reduced by amount received from new tenant). The absence of evidence to prove an element of a party's cause of action is fatal to the right of recovery, and the court should render judgment against that party. *Amarillo Nat'l Bank v. Terry*, 658 S.W.2d 702, 705 (Tex.App.—Amarillo 1983, no writ).

To determine the present value of the remaining rentals, the trial court must be presented with evidence of the remaining rentals. The rental agreement was introduced into evidence; it established that payments of $458.80 per month were due for 63 months commencing on November 15, 1985. However, the evidence must also establish the date of the breach, or the date appellant stopped making rental payments.

Davidson testified, while on voir dire, concerning the number of payments appellant made under the rental agreement. She testified by reading from the document marked exhibit four. She admitted she had no personal knowledge of the number of payments made by appellant:

Question: All right. Now you [Davidson] have no *personal knowledge* of the amount of money that Mr. Marshall [appellant] owes your company, do you? You don't have *personal knowledge* of how many payments he actually sent in, do you?

Answer: *No.* I would have—Well, yes. Here it is here. He made eight payments.

Question: I'm talking about *personal knowledge*, not what you see on that document, but your *personal knowledge*.

Answer: Well, *no, not my personal knowledge.*

(Emphasis added.) While Davidson stated that appellant made eight payments, she admitted that she had no personal knowledge and only testified by reading from a document not admitted in evidence.

Since we held above that Davidson's testimony was timely objected to hearsay, we are prohibited from considering it as evidence to support the trial court's judgment of $18,051.98. *See Cottle v. Knapper*, 571 S.W.2d 59, 62 (Tex.Civ.App.—Tyler 1978, no writ) (inadmissible testimony should not be considered on appeal in determining the sufficiency of the evidence); *Texas Dep't of Pub. Safety v. Nesmith*, 559 S.W.2d 443, 447 (Tex.Civ.App.—Corpus Christi 1977, no writ) (incompetent evidence, although admitted at trial, should not be considered on appeal as having any probative value).

No other evidence was introduced concerning the number of payments appellant made under the agreement or the date appellant breached the agreement.

Appellee contends that the trial court could take judicial notice of the date of the trial and find that appellant had stopped making payments on that date. Trial was held on October 9, 1989; thus, 16 payments were still due under the lease. Using the date of trial as the date of the breach, the amount of the payments due under the agreement was $7,340.80. Obviously, the trial court's judgment of $18,051.98 was not based on this evidence. We find the trial court did not find the date of the trial was the date of appellant's breach.

During his deposition, which was read into evidence, appellant admitted he had stopped making payments under the agreement. The entire deposition was not admitted into evidence. Specifically, the date of the deposition was not in evidence. Thus, the trial court could not rely on the date of the deposition as the date of the breach.

Appellee contends that the trial court could have determined that the agreement was breached on the day its petition was filed, June 26, 1987. However, the petition was not admitted in evidence. Pleadings are not proof. In addition, no other evidence established that the agreement was breached on June 26, 1987. Hence, the trial court could not have determined the date the petition was filed was the date of the breach.

The dissent asserts that proof of the date of the breach was excused because the parties stipulated to the date, and, as a result, the trial court could take judicial notice of the date alleged in appellee's petition, October 1, 1987. The dissent reasons that the trial court could have determined that the date of the breach was October 1, 1987, as set out in the petition. Thus, there was some evidence to support the trial court's judgment.

However, while appellant's counsel did state that he would agree to whatever date appellee's counsel stated the breach occurred, appellee's counsel never asserted any date. Thus, there was no stipulation. *See Mann v. Fender*, 587 S.W.2d 188, 202

(Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.) (if a trial stipulation is uncertain in its terms, trial court should disregard it); *Jackson v. Lewis*, 554 S.W.2d 21, 24 (Tex. Civ.App.—Amarillo 1977, no writ) (a stipulation, which is ambiguous, may not be given any effect). In the absence of a *complete* stipulation between the parties concerning the date of the breach, appellee was required to introduce evidence at trial establishing the date. Appellee failed to introduce such evidence or to enter a *complete* stipulation establishing the date of the breach.

Since no evidence established the date of appellant's breach of the rental agreement or the number of payments appellant had made under the agreement, no evidence established the amount of rent due under the agreement, and no evidence established the amount of appellee's damages. Therefore, we find no evidence supported the trial court's judgment. We sustain appellant's second point of error.

Due to the disposition of appellant's first and second points of error, we do not address his other points of error.

We reverse the judgment and render a take nothing judgment for appellee.

MIRABAL, Justice, dissenting.

I respectfully dissent.

The majority opinion sustains appellant's second point of error on the basis that there is no probative evidence concerning "the number of payments appellant made under the agreement or the date appellant breached the agreement." I respectfully submit that it was not necessary for appellee to prove the date of default because both parties, at the beginning of the trial, stipulated there were no issues of fact as to the fact of default or the date of the breach. Before the first witness was sworn, the following transpired:

THE COURT: Okay. I asked what the controverted issues of fact are. Is there a controversy over the date of the default?

[APPELLEE'S COUNSEL]: No, Your Honor, there's no controversy. There's no controversy over the date that he quit paying rentals.

. . . .

[APPELLANT'S COUNSEL]: I think, Your Honor, to clarify things there's no doubt the lease was executed. There's no doubt a default occurred. I do not have the date of the default. Whatever date the counsel represents to the Court I'm willing to accept that. Then we get into what occurred after the default as far as the equipment, the value of the equipment, where it's located, how much it was sold for. Those I think are the contested issues of facts and then from that fits obviously the Court's decision as to the applicable law.

Appellant's counsel specifically conceded that the date of default was whatever date appellee said it was. The parties agreed that was not a contested matter.

In its original petition, appellee stated: "Defendant has failed to pay the monthly rental payments when due. Rental payments have been due since October 15, 1986." As a result of the stipulation that there was no issue of fact as to the date of default, appellee's statement in its original petition as to the date of default is to be taken as true. A trial court can properly take judicial notice of pleadings in a case. *Johnson v. Coca–Cola Co.*, 727 S.W.2d 756, 759 (Tex.App.—Dallas 1987, writ ref'd n.r.e.); *Texas Sec. Corp. v. Peters*, 463 S.W.2d 263, 265 (Tex.Civ.App.—Fort Worth 1971, no writ). The pleadings themselves are not evidence, but a stipulation of the parties that certain allegations are true and uncontested obviates the need for evidence as to the matters conceded to by the defendant.

The rental agreement provided for payments of $458.80 per month, plus taxes, for 63 months commencing on November 15, 1985. The date of default was October 15, 1986. Therefore, 52 months remained on the rental agreement after default, and at a rental rate of $458.80 per month, a total of $23,857.60 would have been paid by appellant if there had been no default and payments were made through the end of the lease term.

The case was tried on the theory of anticipatory breach of the lease. Under this theory, appellee had to prove the present value of the remaining rental obligations that would have accrued under the lease contract, reduced by the reasonable market value of the unexpired term of the lease. *Crabtree v. Southmark Commercial Management*, 704 S.W.2d 478, 480 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Speedee Mart, Inc. v. Stovall*, 664 S.W.2d 174, 177 (Tex.App.—Amarillo 1983, no writ).

When the factfinder is provided with the sum total of the remaining rental obligations, it is within its prerogative to determine the *present value* of the future damages. In Texas, specific evidence of the present value discount rate is not required. *Missouri R.R. v. Kimbrell*, 160 Tex. 542, 547, 334 S.W.2d 283, 286 (1960); *Taylor Publishing Co. v. Systems Mktg., Inc.*, 686 S.W.2d 213, 217 (Tex.App.—Dallas 1984, writ ref'd n.r.e.).

With regard to the last element of appellee's measure of damages, i.e., "the reasonable market value of the unexpired term of the lease," appellee's witness testified as follows:

Question: If some TIE Ultracom 1236 equipment in used fashion was picked up since 1985, what is the likelihood that, say, 20 or so of those used TIE Ultracom 1236 telephones, what is the likelihood that any of them would have been rerented?

Answer: Very, very small, very, very small.

Question: What is the likelihood that they will be rerented by October of 1990?

Answer: There again, very small.

Question: Would you say almost none?

Answer: Practically nil.

Question: Is the TIE Ultracom 1236 telephone currently being rented out as new equipment by TSI?

Answer: No, sir.

From this evidence, the trial court could have concluded that the unexpired term of

**910**

the phone equipment lease had little or no reasonable market value.

In my opinion, the trial court had before it sufficient evidence on all the essential elements of appellee's claim for damages to support its judgment in the amount of $18,051.98. This is true, even disregarding the testimony of Mildred Davidson, which was complained about in appellant's first point of error.

Because I conclude the error, if any, in admitting Davidson's testimony was harmless, due to other sufficient, independent evidence to support the judgment, I would overrule appellant's point of error one.

Because I believe the evidence is both legally and factually sufficient to support the trial court's judgment, I would overrule points of error two and three.

In point of error four, appellant asserts the trial court erred in entering the judgment in its present form because the judgment does not name against whom the judgment is recoverable. The judgment simply states that Plaintiff is "granted judgment in the amount of" $18,051.98.

There is only one plaintiff and one defendant in this case. If the identity of a party can be established from the caption, records, pleadings, and process in the case, the failure to name the party in the body of the judgment may be disregarded. *Gomez v. Bryant*, 750 S.W.2d 810, 811 (Tex.App.—El Paso 1988, no writ); *see also Schaeffer Homes, Inc v. Esterak*, 792 S.W.2d 567, 569 (Tex.App.—Dallas 1990, no writ); *Crystal City Indep. School Dist. v. Wagner*, 605 S.W.2d 743, 745 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.). Appellee sought judgment in its pleadings against appellant; appellant was served and answered; and appellant appeared at trial to defend the case. Appellant was the only one appellee could have been granted a judgment against.

I would overrule point of error four.

I would affirm the judgment.