Affirmed and Majority and Concurring Opinions filed August 10, 2004









Affirmed
and Majority and Concurring Opinions filed August 10, 2004.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01111-CV

____________

 

JOSEPH DIXON D/B/A
DIXON CONCRETE CONTRACTORS, Appellant

 

V.

 

SHELTON R.
MODELIST,
Appellee

 



 

On Appeal from the County
Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 758,220

 



 

M A J O R I T Y   O P I N I O N

Joseph Dixon, d/b/a Dixon Concrete
Contractors, appeals from a judgment favoring Shelton Modelist on Modelist=s breach of
contract cause of action.  In one issue,
Dixon contends that the trial court erred in awarding actual damages and
attorney=s fees because the
jury did not award any past damages.  We
affirm.

Background








Dixon and Modelist entered into a written
agreement in which Dixon agreed to lay a concrete driveway on Modelist=s property.  The contract specified that Dixon would Astrip and level
site for proper drainage.@ 
After the driveway was completed, water allegedly drained toward a
building on the property as opposed to toward the roadway.

Modelist sued Dixon for, among other
things, breach of contract.  At a jury
trial, Modelist presented evidence that the drainage problem was caused by
improper leveling of the driveway and that, to fix the problem, the driveway
would need to be either partially or completely removed and replaced.  The jury found that Dixon breached the
contract and the breach was not excused. 
The jury also found that Modelist had sustained no past damages but
would, in reasonable probability, sustain future damages in the amount of
$9,700.  The jury further found Modelist
incurred reasonable and necessary attorney=s fees in the
amount of $9,870.

Discussion

In his sole issue, Dixon contends that the
trial court erred in overruling his motion for judgment notwithstanding the
verdict.  Specifically, he argues that
the verdict does not support the award of contract damages or attorney=s fees in the
judgment because the jury did not find any past damages.  He suggests that the award of future damages
was speculative in nature.[1]








Dixon=s complaints are
based on a faulty premise.  While Texas
law does require damages as an element of proof in breach of contract actions, Frost
Nat=l Bank v. Burge, 29 S.W.3d 580,
593 (Tex. App.CHouston [14th Dist.] 2000, no pet.), it
defines contract damages to include Afuture damages,@ provided that the
amount of such damages is proven by a reasonable certainty.  Helena Chem. v. Wilkins, 47 S.W.3d
486, 505 (Tex. 2001); see also Geo Viking, Inc. v. Tex.-Lee Operating Co.,
817 S.W.2d 357, 360-61 (Tex. App.CTexarkana 1991)
(holding evidence was sufficient to support award of future damages for
improperly drilled well), writ dism=d, improvidently
granted, 839 S.W.2d 797 (Tex. 1992).[2]  This principle recognizes that a party to a
contract who properly claims future damages has been harmed in a current, real
sense, in that his or her expectations regarding the contract have been
diminished.  See Kiewit Tex. Min. Co.
v. Inglish, 865 S.W.2d 240, 245-46 (Tex. App.CWaco 1993, writ
denied).  Dixon does not cite any
authority, nor are we aware of any, that requires the recovery of past damages
as a prerequisite of future damages. 
Neither does Dixon propose any basis for such a rule.  Although these situations are rare in typical
breach of contract actions,[3]
plaintiffs in anticipatory breach cases usually seek future damages as opposed
to past damages.  See, e.g., Kiewit
Tex. Min. Co., 865 S.W.2d at 245-46; Marshall v. Telecomm. Specialists,
Inc., 806 S.W.2d 904, 907 (Tex. App.CHouston [1st
Dist.] 1991, no writ).  We have found no
authority barring an award of future damages absent an award of past
damages.  The trial court did not err in
awarding contract damages in the judgment.








Dixon also attacks the award of attorney=s fees.  When a party proves a breach of contract and
resulting damages, he or she is entitled to attorney=s fees.  Tex.
Civ. Prac. & Rem. Code Ann. ' 38.001 (Vernon
1997); Green Int=l, Inc. v. Solis, 951 S.W.2d 384,
390 (Tex. 1997) (ATo recover attorney=s fees under
Section 38.001, a party must (1) prevail on a cause of action for which
attorney=s fees are
recoverable, and (2) recover damages.@).  Here, Modelist recovered damages in a
contract cause of action; thus, he is also entitled to recover his attorney=s fees.  Cale's Clean Scene Carwash, Inc. v.
Hubbard, 76 S.W.3d 784, 787 n.4 (Tex. App.CHouston [14th
Dist.] 2002, no pet.) (stating award of attorney=s fees is
mandatory under section 38.001 when party proves breach of contract).  Accordingly, Dixon=s sole issue is
overruled.

The trial court=s judgment is
affirmed.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered and Majority and
Concurring Opinions filed August 10, 2004. 
(Frost, J. Concurring).

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.











[1]  Dixon does not
specifically attack the sufficiency of the evidence to support the future
damages award in this case.





[2]  This is often
referred to as the Areasonable probability@
rule.  E.g., GTE Mobilnet of S. Tex.
Ltd. P=ship v. Pascouet, 61 S.W.3d 599, 617 (Tex. App.CHouston
[14th Dist.] 2001, pet. denied).  Under
this rule, the award of future damages rests with the sound discretion of the
jury.  Id.





[3]  In Srite v.
Owens‑Illinois, Inc., the first court of appeals considered a similar
issue.  870 S.W.2d 556 (Tex. App.CHouston [1st Dist.] 1993), rev=d sub nom on other grounds, 897 S.W.2d 765 (Tex. 1995).  In that case, the jury returned a verdict for
the plaintiffs awarding only future damages and not past damages.  Id. at 558.  On appeal, the plaintiffs/appellants argued
that the jury could not find liability and award future damages but not award
past damages.  Id.  The court of appeals disagreed, held that the
evidence was sufficient to support the verdict, and affirmed the judgment.  Id. at 563.