**Joseph DIXON d/b/a Dixon Concrete Contractors, Appellant,**

v.

**Shelton R. MODELIST, Appellee.**

No. 14–03–01111–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 10, 2004.

Rehearing Overruled Sept. 23, 2004.

Freddie Jackson, Houston, for appellant.

Stephan L. Honore, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices FROST and GUZMAN.

## MAJORITY OPINION

ADELE HEDGES, Chief Justice.

Joseph Dixon, d/b/a Dixon Concrete Contractors, appeals from a judgment favoring Shelton Modelist on Modelist's breach of contract cause of action. In one issue, Dixon contends that the trial court erred in awarding actual damages and attorney's fees because the jury did not award any past damages. We affirm.

### Background

Dixon and Modelist entered into a written agreement in which Dixon agreed to lay a concrete driveway on Modelist's property. The contract specified that Dixon would "strip and level site for proper drainage." After the driveway was completed, water allegedly drained toward a building on the property as opposed to toward the roadway.

Modelist sued Dixon for, among other things, breach of contract. At a jury trial, Modelist presented evidence that the drainage problem was caused by improper leveling of the driveway and that, to fix the problem, the driveway would need to be either partially or completely removed and replaced. The jury found that Dixon breached the contract and the breach was not excused. The jury also found that Modelist had sustained no past damages but would, in reasonable probability, sustain future damages in the amount of $9,700. The jury further found Modelist incurred reasonable and necessary attorney's fees in the amount of $9,870.

### Discussion

■ In his sole issue, Dixon contends that the trial court erred in overruling his motion for judgment notwithstanding the verdict. Specifically, he argues that the verdict does not support the award of contract damages or attorney's fees in the judgment because the jury did not find any past damages. He suggests that the award of future damages was speculative in nature.[1]

---

1. Dixon does not specifically attack the sufficiency of the evidence to support the future

██ Dixon's complaints are based on a faulty premise. While Texas law does require damages as an element of proof in breach of contract actions, *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.), it defines contract damages to include "future damages," provided that the amount of such damages is proven by a reasonable certainty. *Helena Chem. v. Wilkins*, 47 S.W.3d 486, 505 (Tex.2001); *see also Geo Viking, Inc. v. Tex.-Lee Operating Co.*, 817 S.W.2d 357, 360–61 (Tex.App.—Texarkana 1991) (holding evidence was sufficient to support award of future damages for improperly drilled well), *writ dism'd, improvidently granted*, 839 S.W.2d 797 (Tex. 1992).[2] This principle recognizes that a party to a contract who properly claims future damages has been harmed in a current, real sense, in that his or her expectations regarding the contract have been diminished. *See Kiewit Tex. Min. Co. v. Inglish*, 865 S.W.2d 240, 245–46 (Tex. App.—Waco 1993, writ denied). Dixon does not cite any authority, nor are we aware of any, that requires the recovery of past damages as a prerequisite of future damages. Neither does Dixon propose any basis for such a rule. Although these situations are rare in typical breach of contract actions,[3] plaintiffs in anticipatory breach cases usually seek future damages as opposed to past damages. *See, e.g., Kiewit Tex. Min. Co.*, 865 S.W.2d at 245–46; *Marshall v. Telecomm. Specialists,*

*Inc.*, 806 S.W.2d 904, 907 (Tex.App.—Houston [1st Dist.] 1991, no writ). We have found no authority barring an award of future damages absent an award of past damages. The trial court did not err in awarding contract damages in the judgment.

██ Dixon also attacks the award of attorney's fees. When a party proves a breach of contract and resulting damages, he or she is entitled to attorney's fees. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 1997); *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex.1997) ("To recover attorney's fees under Section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages."). Here, Modelist recovered damages in a contract cause of action; thus, he is also entitled to recover his attorney's fees. *Cale's Clean Scene Carwash, Inc. v. Hubbard*, 76 S.W.3d 784, 787 n. 4 (Tex.App.—Houston [14th Dist.] 2002, no pet.) (stating award of attorney's fees is mandatory under section 38.001 when party proves breach of contract). Accordingly, Dixon's sole issue is overruled.

The trial court's judgment is affirmed.

KEM THOMPSON FROST, Justice, concurring.

I respectfully concur in the court's judgment.

damages award in this case.

2. This is often referred to as the "reasonable probability" rule. *E.g., GTE Mobilnet of S. Tex. Ltd. P'ship v. Pascouet*, 61 S.W.3d 599, 617 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). Under this rule, the award of future damages rests with the sound discretion of the jury. *Id.*

3. In *Srite v. Owens–Illinois, Inc.*, the first court of appeals considered a similar issue. 870 S.W.2d 556 (Tex.App.—Houston [1st

Dist.] 1993), *rev'd sub nom on other grounds*, 897 S.W.2d 765 (Tex.1995). In that case, the jury returned a verdict for the plaintiffs awarding only future damages and not past damages. *Id.* at 558. On appeal, the plaintiffs/appellants argued that the jury could not find liability and award future damages but not award past damages. *Id.* The court of appeals disagreed, held that the evidence was sufficient to support the verdict, and affirmed the judgment. *Id.* at 563.

## Damages

Appellant Joseph Dixon asserts that the trial court erred in denying his motion for judgment notwithstanding the verdict because appellee Shelton R. Modelist did not "prove an essential element of an action for breach of contract: to-wit: [sic] that he sustained damages, as a result of Dixon's failure to comply with the agreement. . . ." To reject this asserted error this court need not address whether the recovery of past damages is a prerequisite for the recovery of future damages in a contract case.

There was evidence before the jury that Dixon's failure to comply with his agreement to construct the driveway with proper drainage resulted in damages to Modelist based on a bid that Modelist received as to how much it would cost him in the future to repair the improper drainage in the driveway. The jury found that Dixon had failed to comply with his agreement to construct the driveway with proper drainage and that $9,700, if paid now in cash, would fairly and reasonably compensate Modelist for his damages that resulted from such failure to comply. Although the jury did find that the $9,700, in reasonable probability, would be sustained in the future, it did so in the context of an instruction that the jury consider as an element of possible damages "[t]he reasonable and necessary cost to remove and replace the driveway, or otherwise repair the improper drainage in the driveway." At the time of trial Modelist had not yet incurred any cost regarding the repair of the driveway. Therefore, the jury's finding that Modelist would sustain in the future an expense of $9,700 reflects the reality that Modelist had not yet incurred this cost and does not conflict with the jury's finding that this amount constitutes damages that resulted from Dixon's failure to comply. In sum, given both the damage evidence at trial and the jury's findings based on that evidence, Modelist proved he had sustained damages as a result of Dixon's failure to comply with the agreement. Therefore, Dixon's assertion of error lacks merit.

## Attorney's Fees

Though not mentioned by the majority, in his appellate brief Dixon seeks an award of attorney's fees for his defense of Modelist's contract claims. Dixon cites no rule or statute that he claims entitles him to such an award. Texas law provides that, as long as certain requirements are satisfied, a party that is awarded damages under a breach-of-contract claim may also recover its reasonable attorney's fees from the liable party. *See* TEX. CIV. PRAC. & REM. CODE §§ 38.001, 38.002. Texas law does not provide that a party found liable for damages under its contract may recover from the successful claimant attorney's fees for the unsuccessful defense of the contract claim. *See id.*