MEMORANDUM OPINION
 

No. 04-04-00645-CV

PATRIOT HOMES, INC.,
Appellant

v.

ANDRES LOPEZ, JR.,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 02-05-40375-CV
Honorable Richard C. Terrell, Judge Presiding
 
Opinion by:    Rebecca Simmons, Justice
 
Sitting:            Catherine Stone, Justice
Sarah B. Duncan, Justice
Rebecca Simmons, Justice
 
Delivered and Filed:    July 20, 2005

AFFIRMED IN PART, REVERSED AND REMANDED IN PART
            Patriot Homes, Inc. appeals from a judgment entered against Andres Lopez, Jr. for breach
of contract. The trial court deducted $7,741.50 from the amount allegedly owed to Patriot based on
a rebate claimed by Lopez. Because the issues in this appeal involve the application of well-settled
principles of law, we affirm the trial court’s judgment in part and reverse in part and remand to the
trial court for entry of judgment that includes the additional $7,741.50 rebate and pre and post
judgment interest, consistent with this opinion


.
BACKGROUND
            Patriot Homes, Inc. filed suit against Andres Lopez, Jr., doing business as Sunset Homes, for
breach of a retail distribution agreement relating to the sale of mobile homes. Lopez answered, with
a general and verified denial, claiming he had not received a credit for all offsets and credits. Lopez
also claimed to have sold the business to his brother and therefore, joined his brother, Richard Lopez,
as a third party defendant. Trial was to the court. Patriot introduced evidence of damages in the
amount of $19,660.27. Lopez introduced evidence regarding a variety of offsets and credits
including an alleged rebate in the amount of $7,741.50, represented by Defendant’s Exhibit 4.
            Defendant’s Exhibit 4 was produced by Patriot during discovery, and is a computer print-out
with the name Patriot Homes of Texas L.P. at the top of the page. The sheet references three (3) of
the Patriot mobile homes that were ultimately sold by Sunset Homes to its customers. In addition
to some unknown abbreviations, there is a reference to a “Total Rebate Amount” of $7,741.50. 
Exhibit 4 was admitted over Patriot’s objections that the document was unauthenticated and
inadmissible hearsay. None of the witnesses who testified at trial had any knowledge of the
document, its source, accuracy, content or any other information. 
            The trial court entered a judgment in favor of Patriot, crediting a number of offsets to the
Lopez brothers, including the rebate evidenced by Defendant’s Exhibit 4, resulting in a judgment for
Patriot of $1,524,26.               
ARGUMENT 
            Patriot argues the trial court erred in admitting Defendant’s Exhibit 4, and there is legally
and factually insufficient evidence to support the rebate offset in the amount of $7,741.50. To obtain
a reversal based on the erroneous admission of evidence, the appellant must show not only that the
evidence in question was erroneously admitted by the trial court and probably caused the rendition
of an improper judgment; but that the evidence in question is neither cumulative nor controlling on
a material issue dispositive of the case. See Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396
(Tex. 1989); Tex. R. App. P. 44.1(a)(1); Interstate Northborough Prtshp. v. State, 66 S.W. 3d 213,
220 (Tex. 2001); Alvarado v. Farah Mfg. Co., 830 S.W.2d 911, 917 n.8 (Tex. 1992). Rulings
regarding admissibility of evidence will not be overturned absent abuse of discretion. Steenberger
v. Ford Motor Co., 814 S.W.2d 755 (Tex. App.—Dallas l991, writ denied). The determination of
abuse of discretion turns on whether the lower court acted without reference to any guiding rules and
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).
            Error may not be predicated upon a ruling which admits or excludes evidence unless a
substantial right of the party is affected. Tex. R. Evid. 103(a). Reversible error is not shown in
evidentiary rulings unless the entire case turns on the particular evidence excluded. Steenberger, 814
S.W.2d at 760; Shenandoah Assocs. v. J&K Properties, Inc., 741 S.W.2d 470, 490 (Tex. App.—
Dallas l987, writ denied). We first look to see if the trial court abused its discretion. We then
determine whether the error constitutes reversible error. 
                                                            AUTHENTICITY 
            Patriot argues the trial court erroneously admitted Exhibit 4 over its lack of authenticity
objection. Lopez responds the documents produced in response to written discovery are presumed
authentic and may be used in a pretrial proceeding or at trial against the producing party unless an
objection is lodged within ten days of actual awareness that the document will be used. Tex. R. Civ.
P. 193.7. Both parties agree Patriot produced Exhibit 4 in discovery. Lopez argues Patriot failed to
object to the authenticity of the exhibit within ten days of knowing Lopez intended to use the document
at trial. The trial began on June 23, 2003 before Hon. Terry Canales. The parties offered certain
exhibits into evidence. Exhibit 4 was offered by Lopez but not admitted on that date, and the case was
continued. Subsequently, Judge Canales was relieved of his duties and the case was retried on May 3,
2004 before a different judge, who admitted Exhibit 4 into evidence. Lopez argues Patriot had
knowledge of the potential use of Exhibit 4 when it was marked as an exhibit in the first trial and Patriot
failed to object to its authenticity within ten days pursuant to the procedure laid out in Tex. R. Civ. P.
193.7. We agree. Since Patriot produced the document and was aware of its potential use and failed
to object, it is deemed authentic as to Patriot. However, that does not end our inquiry. Patriot also
objected to the admission of Defendant’s Exhibit 4, claiming it was inadmissible hearsay for which no
business record predicate had been laid.
                                                            ADMISSIBILITY
            This case presents the unique situation where the only evidence of a rebate is contained in the
Defendant’s Exhibit 4. No witness testified at trial independently about the rebate. Although Richard
Lopez was allowed to recite the contents of Exhibit 4, it is clear from his testimony that he had no
independent knowledge about the rebate he was seeking and was basing his claims on the document
he saw for the first time on the day of trial.



            Exhibit 4 was offered into evidence while Richard Lopez was on the stand. During Patriot’s
voir dire of the witness, Richard admitted he had never seen the document before trial. During cross-examination, Richard admitted he was seeking the rebate solely based on Exhibit 4.
            Q:        Now, Mr. Lopez, are you - - are you maintaining today that Sunset Homes was entitled
to a $7,741.00 rebate based on the RDA Sales Promotions? And I’m referring to . . .
Defendant’s Exhibit No. 4.
            A:        If that’s what it says, that’s what it says right here.
. . . 
            Q:  So you’ve never seen this document till today, and based on your observation of this
document today, you have come to that conclusion, right?
            A:  Wouldn’t you?
 
            Q:  Never before during the . . . position as general manager have you ever made that conclusion
except for today, true?
            A:  Yes.
            Q:  Okay. Certainly $7,700 is a lot of money that you never even suggested was owed to you
until trial today, true?
            A:  True.
 
            Q:  So it’s pretty much fabricated, isn’t it?
            A:  It’s not fabricated. I did not ... [W]ell I haven’t seen that before, that document. I didn’t
know they owed us that money. They produced it. That’s all I’m saying.
 
            Authenticity and admissibility are two different concepts. Even if a document is authentic, that 
does not make it admissible. Tex. R. Evid. 901(a). Lopez argues that Exhibit 4 is an admission by a
party opponent, Patriot, of the existence of the outstanding rebate pursuant to Tex. R. Evid.
801(e)(2)(A). According to the rules of evidence, a statement is not hearsay if it is offered against a
party and is “the party’s own statement.” Tex. R. Evid. 801(e)(2); Trencor, Inc. v. Cornech Machine
Co., 115 S.W.3d 145, 151 (Tex. App.—Fort Worth 2003, pet. denied). However, Exhibit 4 is a one
page computer print out that is unclear in its content and meaning. No witness could explain the
document and we cannot find such an unclear document of unknown generation can suffice as an
admission that a rebate was owed to Lopez. It was an abuse of discretion of the trial court to admit
Defendant’s Exhibit 4 since the document was hearsay to which no exception applied. Tex. R. Evid.
802. No other evidence of the rebate was admitted during trial. Therefore, the evidence probably
caused the rendition of an improper judgement.  
SUFFICIENCY OF THE EVIDENCE
            In its third point of error, Patriot contends the trial court erred in entering judgment for the
rebate offset in the amount of $7741.50 because the evidence was legally and factually insufficient to
support the rebate. In the absence of findings of fact or conclusions of law, an appellate court presumes
the trial court made all necessary findings to support the judgment. Marshall v. Telecommunications
Specialists, Inc., 806 S.W.2d 904, 906 (Tex. App.—Houston [1st Dist.] 1991, no writ); Roberson v.
Robinson, 768 S.W.2d 280, 281 (Tex. 1989). In determining whether there is more than a scintilla of
evidence to support the judgment and the implied findings of fact, an appellate court can only consider
the evidence that is favorable to the judgment and must disregard all evidence to the contrary. Roark
v. Allen, 633 S.W.2d 804, 809 (Tex. 1982). If there is any evidence to support the finding, the appellate
court must uphold it. Sherman v. First Nat’l Bank, 760 S.W.2d 240, 242 (Tex. 1988). Since we held
above that Defendant’s Exhibit 4 was inadmissible hearsay, we are prohibited from considering it as
evidence to support the trial court’s judgment. Marshall, 806 S.W.2d at 907. No other evidence was
introduced to support a rebate or the rebate amount. Therefore, we sustain Patriot’s third point of error
relating to legal sufficiency. 
            In its fourth point of error, Patriot argues Exhibit 4 should not have been admitted because the
rebate was not disclosed in written discovery responses. Because we have found that it was error to
admit Defendant’s Exhibit 4, we need not reach that issue.
 
 
CONCLUSION
            We affirm in part and reverse in part and remand this matter to the trial court for entry of
judgment consistent with this opinion. 
 
REBECCA SIMMONS, Justice