**HOPPENSTEIN PROPERTIES, INC., Appellant,**

v.

**McLENNAN COUNTY APPRAISAL DISTRICT, Appellee.**

No. 10–09–00426–CV.

Court of Appeals of Texas, Waco.

Dec. 22, 2010.

Christie L. Ryan, Dunnam & Dunnam LLP, Waco, for Appellant.

D. Kirk Swinney, McCreary Veselka Bragg & Allen, Round Rock, for Appellee.

Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.

## OPINION ON REHEARING

FELIPE REYNA, Justice.

Hoppenstein Properties, Inc. sued the McLennan County Appraisal District ("MCAD") for breach of a commercial lease after MCAD abandoned the leased premises. The trial court granted MCAD's partial plea to the jurisdiction on Hoppenstein's claim for future damages. On original submission, this Court affirmed the judgment, holding that the commercial lease is not a contract for goods or services under section 271.152 of the Local Government Code, which waives a local governmental entity's immunity from suits arising under such contracts. Hoppenstein has filed a motion for rehearing asking that the Court reconsider this holding in light of the Supreme Court's recent decision in *Kirby Lake Development, Ltd. v. Clear Lake City Water Authority*, 320 S.W.3d 829 (2010). We will grant rehearing, withdraw the prior opinion and judgment, and reverse the trial court's order.

### Background

The parties signed a 60–month lease in November 2007. A construction addendum to the lease required Hoppenstein to complete certain renovations, including among other things: (1) removing interior walls and constructing new ones according to an attached floor plan; (2) installing new carpet and tile; and (3) reconfiguring the HVAC system to accommodate the reconfigured space. Construction was to be "performed by trained and qualified

persons in a good and workman-like manner" and in compliance with applicable codes, ordinances, regulations, and statutes. MCAD retained the right to inspect and object to any deficiencies.[1] The lease term would commence after Hoppenstein completed renovation of the unoccupied portion of the premises,[2] and the parties were to sign a commencement letter at that time acknowledging the commencement date.

■ Hoppenstein alleges that the renovations were completed by May 1, 2008 and that MCAD occupied the renovated premises thereafter and the lease term commenced. Hoppenstein claims that MCAD breached the lease by: (1) interfering with renovations to other portions of the premises; (2) failing to pay rent after May 31, 2008; (3) failing to pay for "renovation extras" performed by Hoppenstein and authorized by MCAD; and (4) abandoning the premises on June 1, 2009.[3] Hoppenstein seeks past damages for the first three components of the breach-of-contract claim. It seeks future damages for anticipatory breach [4] in the form of lost rents owed after May 31, 2009 and other costs incurred as a result of MCAD's abandonment of the premises. *See Dixon v. Modelist*, 157 S.W.3d 454, 456 (Tex.App.-Houston [14th Dist.] 2004, no pet.) ("plaintiffs in anticipatory breach cases usually seek future damages as opposed to past damages").

MCAD answered with a general denial, a series of special denials, and several affirmative defenses, including governmental immunity. In essence, MCAD claims that the lease never commenced because Hoppenstein never completed the renovations required to trigger commencement of the lease term. By its partial plea to the jurisdiction, MCAD contended that its immunity from suit has not been waived with regard to "any claims seeking rents and related obligations that purportedly have been or will be incurred after [MCAD] abandoned the premises." In other words, MCAD claimed immunity from suit on Hoppenstein's claim for future damages.

Hoppenstein contends in two issues that: (1) MCAD's immunity from suit has been waived by section 271.152 of the Local Government Code because the lease constitutes a contract for the provision of services to MCAD; and (2) the waiver of immunity provided by section 271.152 applies on a "contract-by-contract basis" rather than a "promise-by-promise basis."

### Contract for Services

■ Section 271.152 of the Local Government Code waives the immunity from suit of certain local governmental entities [5]

---

1. Paragraph E of the addendum provides, "Tenant may, at reasonable times during construction, inspect the construction of the improvements. Tenant may object to any deficiencies in the completion of the improvements by providing specific written notice to Landlord and Landlord will promptly cure the deficiencies. Upon completion of the improvements, Tenant will acknowledge in writing (e.g., TAR No. 2113) that the improvements have been completed and that Tenant accepts the leased premises for purposes of the lease."

2. MCAD already leased office space from Hoppenstein. The November 2007 lease was for additional space in the same building.

3. Hoppenstein alleges that MCAD failed to pay rent after May 31, 2008 but did not abandon the premises until a year later.

4. "An anticipatory breach occurs when a party absolutely repudiates the obligation, without just excuse, and the other party is damaged by the repudiation." *Barrand, Inc. v. Whataburger, Inc.*, 214 S.W.3d 122, 140 (Tex. App.-Corpus Christi 2006, pet. denied).

5. Section 271.152 does not waive the immunity of counties or any "unit of state govern-

for breach-of-contract claims arising from written contracts that state "the essential terms of the agreement for providing goods or services to the local governmental entity." *See* TEX. LOC. GOV'T CODE ANN. §§ 271.151(2), 271.152 (Vernon 2005). "The Legislature enacted section 271.152 'to loosen the immunity bar so that *all* local governmental entities that have been given or are given the statutory authority to enter into contracts shall not be immune from suits arising from those contracts.'" *Kirby Lake Dev.*, 320 S.W.3d at 838 (quoting *Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self–Ins. Fund*, 212 S.W.3d 320, 327 (Tex.2006)).

 The relevant inquiry is whether the lease entails "the provision of 'goods or services'" to MCAD. *See id.* at 839 (quoting TEX. LOC. GOV'T CODE ANN. § 271.151(2)). The term "services" is "broad enough to encompass a wide variety of activities." *Id.* "The services provided . . . need not be the primary purpose of the agreement," but they must be provided directly to the local governmental entity. *Id.*

The construction addendum requires Hoppenstein to renovate the premises according to a floor plan agreed to by MCAD. The renovations had to be completed in a manner satisfactory to MCAD. The construction addendum was incorporated into the lease by reference in paragraph 33 of the lease.[6] Thus, the addendum is part of the lease. *See In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex.2007) (orig. proceeding) (per curiam) ("Documents incorporated by reference in [a contract] are part of the contract.").

Under the lease, Hoppenstein contracted to renovate the premises for MCAD. Thus, the lease entails the provision of services to MCAD within the meaning of the statute. *See Kirby Lake Dev.*, 320 S.W.3d at 839 (agreement to construct, develop and lease facilities was a contract for services under the statute). Accordingly, we sustain Hoppenstein's first issue.

## Scope of Waiver

 Hoppenstein contends in its second issue that the waiver of immunity provided by section 271.152 applies on a "contract-by-contract basis" rather than a "promise-by-promise basis." Thus, Hoppenstein argues that MCAD's immunity is waived not only for damages flowing from any breach of the "services provisions" of the lease but also from any breach of the remainder of the lease terms.

 Hoppenstein seeks damages in the form of lost rents owed after May 31, 2009 and other costs incurred because of MCAD's anticipatory breach. In a suit for anticipatory breach, a landlord may recover the present value of future rentals, reduced by the reasonable cash market value of the property for the remainder of the

ment" as defined by section 2260.001 of the Government Code. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.151(3), 271.152 (Vernon 2005). Section 2260.001(4) defines a "unit of state government" as "the state or an agency, department, commission, bureau, board, office, council, court, or other entity that is in any branch of state government and that is created by the constitution or a statute of this state, including a university system or institution of higher education. The term does not include a county, municipality, court of a county or municipality, special purpose district, or oth-

er political subdivision of this state." TEX. GOV'T CODE ANN. § 2260.001(4) (Vernon 2008).

6. Paragraph 33 provides in pertinent part, "**ADDENDA:** Incorporated into this lease are the addenda, exhibits and other information marked in the Addenda and Exhibit section of the Table of Contents." The construction addendum and the floor plan are both marked in the Addenda and Exhibit section of the Table of Contents.

lease term or by the amount of rent collected from a new tenant if the property is relet. *See Austin Hill Country Realty, Inc. v. Palisades Plaza, Inc.,* 948 S.W.2d 293, 300 (Tex.1997); *Randall's Food & Drugs, L.P. v. Patton,* No. 01–06–00821–CV, 2008 WL 3876149, at *4 (Tex.App.-Houston [1st Dist.] Aug. 21, 2008, no pet.) (mem. op.). MCAD argues that such damages are analogous to lost profits and characterizes them as consequential damages, which a plaintiff generally cannot recover from a local governmental entity.[7] *See* Tex. Loc. Gov't Code Ann. § 271.153 (Vernon 2005). We disagree.

▮▮▮ " 'At common law, actual damages are either "direct" or "consequential." ' 'Special damages,' or consequential damages, are 'those damages which result naturally, but not necessarily,' from the defendant's wrongful acts. Direct damages compensate for the loss that is the necessary and usual result of the act." *Baylor Univ. v. Sonnichsen,* 221 S.W.3d 632, 636 (Tex.2007) (per curiam) (quoting *Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 816 (Tex.1997); *Henry S. Miller Co. v. Bynum,* 836 S.W.2d 160, 163 (Tex.1992) (Phillips, C.J., concurring) (other citations omitted)).

▮▮▮ Consequential damages may include some but not all claims for lost profits. *Cherokee County Cogeneration Partners, L.P. v. Dynegy Mktg. & Trade,* 305 S.W.3d 309, 314 (Tex.App.-Houston [14th Dist.] 2009, no pet.). "Lost profits are damages for the loss of net income to a business measured by reasonable certain-

ty." *Miga v. Jensen,* 96 S.W.3d 207, 213 (Tex.2002); *accord Cherokee County Cogeneration Partners,* 305 S.W.3d at 314; *Mood v. Kronos Prods., Inc.,* 245 S.W.3d 8, 12 (Tex.App.-Dallas 2007, pet. denied). "Lost profits may be in the form of direct damages, that is, profits lost on the contract itself, or in the form of consequential damages, such as profits lost on other contracts or relationships resulting from the breach." *Mood,* 245 S.W.3d at 12; *accord Cherokee County Cogeneration Partners,* 305 S.W.3d at 314.

Here, the lost rentals Hoppenstein seeks to recover are those rentals which it would have received under the lease with MCAD, not from some other contract. These are direct damages. *See id.* Accordingly, we sustain Hoppenstein's second issue.

Hoppenstein's motion for rehearing is granted. The opinion and judgment of this Court dated August 18, 2010 are withdrawn, and the opinion and judgment we issue today are substituted therefor. We reverse the trial court's order granting MCAD's partial plea to the jurisdiction and render judgment denying the partial plea. We remand this cause to the trial court for further proceedings.

Chief Justice GRAY dissenting with note.*

---

7. Under section 271.153 of the Local Government Code, a plaintiff can recover consequential damages from a local governmental entity only for "any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration." *See* Tex. Loc. Gov't Code Ann § 271.153 (Vernon 2005).

* Chief Justice Gray dissents. A separate opinion will not issue. He notes however that he stands behind the original opinion, *Hoppenstein Properties, Inc. v. McLennan County Appraisal District,* 2010 WL 3272404 (Tex.App.-Waco Aug. 18, 2010) (mem. op.), and would deny the motion for rehearing. He notes that the contract at issue in this proceeding is a

lease of real property and not a contract for goods or services. *Kirby Lake Development* involved a contract to construct infrastructure projects, a service, and did not involve the purchase or lease of an interest in real property. *See Kirby Lake Dev., Ltd. v. Clear Lake City Water Authority,* 320 S.W.3d 829, 832–33 (Tex.2010).